**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* Ex. Parte Application of<br><br>APPLE INC.; APPLE DISTRIBUTION INTERNATIONAL; AND APPLE RETAIL GERMAN B.V. & CO. KG<br><br>Applicants,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Gerald Padian for Use in Foreign Proceedings | Case No. 7:23-mc-00437 |

***EX PARTE* APPLICATION OF APPLE INC. *ET AL* FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN A <u>FOREIGN PROCEEDING</u>**

Applicant Apple[1] submits this *Ex Parte* Application for an Order to Obtain Discovery for Use in a Foreign Proceeding pursuant to 28 U.S.C. § 1782 from Gerald Padian. Apple seeks an order authorizing subpoenas requiring Mr. Padian to produce specific documents and to make himself available for deposition for use in connection with a patent infringement action in the Regional Court of Düsseldorf in Germany.[2] The document and deposition subpoenas proposed to be served on Mr. Padian are attached as Exhibits 2 and 3 to the Passamaneck Decl.[3]

Apple's Application satisfies each of the three statutory requirements set forth in 28 U.S.C. § 1782(a). First, Mr. Padian resides in the Southern District of New York. Second, the discovery sought by Apple is "for use" in a "foreign tribunal"—namely, the Regional Court of Düsseldorf in Germany where Apple is currently defending against a patent infringement suit brought by Scramoge Technology Limited ("Scramoge"). Third, Apple is an interested person within its capacity as a defendant in the ongoing German proceeding.

Further, each of the discretionary factors outlined in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004), weigh in favor of granting this Application. First, Mr. Padian is not a named party in the German proceeding and, as such, this Application constitutes the only practical and timely method for obtaining the evidence from Mr. Padian needed for use in the German proceeding. Second, the information sought in this Application is highly relevant to Apple's defenses in the German proceeding and there is no indication that the Regional Court of Düsseldorf in Germany would not be receptive to admitting the evidence. Third, there is no

---

[1] Except as otherwise indicated, as used herein, "Apple" means Apple Inc., Apple Distribution International, and Apple Retail German B.V. & Co. KG.
[2] This Application is supported by an accompanying Memorandum of Law and the Declaration of Nora Q.E. Passamaneck ("Passamaneck Decl.") filed concurrently herewith.
[3] The date and time of production has been left blank on the subpoena for production of documents to allow sufficient time after the Court rules on Apple's Motion. Apple respectfully requests that the Court notice the production for fourteen (14) days from the date the subpoena is served.

indication that Apple's Application is an attempt to circumvent any proof-gathering restrictions under the laws of Germany.  Fourth, the discovery sought under this Application is narrowly tailored and does not present an undue burden to Mr. Padian.

This Application is brought on an *ex parte* basis, which is the procedure that courts in this District routinely follow when considering Section 1782 applications.  *See, e.g., In re O'Keeffe,* 650 F. App'x 83, 85 (2d Cir. 2016) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte.") (quoting *Gushlak v. Gushlak*, 486 Fed. App'x 215, 217 (2d Cir. 2012)); *In re Ex Parte Application of Bayerische Motoren Werke AG,* Case No. 7:22-MC-00115-VB, Dkt. No. 10 (S.D.N.Y. April 29, 2022) (granting ex parte application to obtain discovery for use in foreign proceeding under 28 U.S.C. § 1782); *see also In re Ex Parte Application of: Bayerische Motoren Werke AG*, 22-mc-00115-VB, 2022 WL 2817215 (S.D.N.Y. July 19, 2022).

For the reasons described in the accompanying Memorandum of Law and Passamaneck Decl., Apple respectfully requests that the Court issue the proposed order attached to the Passamaneck Decl. as Exhibit 1, which grants this Application and authorizes Apple to serve the subpoenas attached to the Passamaneck Decl. as Exhibits 2 and 3.

DATED: November 13, 2023

WILMER CUTLER PICKERING
 HALE AND DORR LLP

By: /s/ *Nora Q.E. Passamaneck*
NORA Q.E. PASSAMANECK
(Registration No. 4262028)
1225 Seventeenth St., Suite 2600
Denver, CO. 80202
Tel: (720) 274-3135
Fax: (720) 274-3135
Nora.Passamaneck@wilmerhale.com

*Attorney for Applicants*
Apple Inc., Apple Distribution International, and Apple Retail German B.V. & Co. Kg