UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* Ex. Parte Application of<br><br>APPLE INC.; APPLE DISTRIBUTION INTERNATIONAL; AND APPLE RETAIL GERMAN B.V. & CO. KG<br><br>Applicants,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Gerald Padian for Use in Foreign Proceedings | Case No. 7:23-mc-00437 |

**APPLE INC. *ET AL.*'S MEMORANDUM OF LAW IN SUPPORT OF ITS *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

1

Applicant Apple[1] respectfully submits this Memorandum of Law in support of its *Ex Parte*[2] Application for an Order to Obtain Discovery for use in Foreign Proceedings pursuant to 28 U.S.C. § 1782. Specifically, Apple seeks an order to authorize subpoenas requiring Gerald Padian to provide specific documents and to sit for a deposition for use in connection with a patent infringement action in Germany filed by an Irish patent assertion entity called Scramoge Technology Limited ("Scramoge").

## I.   INTRODUCTION

Mr. Padian is the managing director of the Irish-entity Atlantic IP Services Ltd. ("Atlantic IP"). Atlantic IP's business is patent monetization. To that end, Atlantic IP has formed numerous Irish business entities, and through those entities, obtained the rights to various patents. Those entities, in turn, sue U.S. companies for patent infringement, in the U.S. and abroad, seeking revenue through litigation-induced licensing fees.

One of Atlantic IP's related Irish entities, Scramoge, has sued Apple for alleged patent infringement in multiple jurisdictions around the world, including Germany. Mr. Padian is also a director of Scramoge. In the German litigation, Scramoge seeks to enjoin sales of Apple iPhones and Airpods. Under 28 U.S.C. § 1782, parties to foreign litigations, such as Apple, may obtain discovery from companies located in the United States.

In support of its defenses to the action filed by Scramoge against Apple in Germany, Apple seeks narrowly tailored discovery from Mr. Padian. Specifically, Apple seeks documents and

---

[1] Except as otherwise indicated, as used herein, "Apple" means Apple Inc., Apple Distribution International, and Apple Retail German B.V. & Co. KG.

[2] Courts in the Second Circuit routinely handle § 1782 requests on an *ex parte* basis. *See, e.g., In re O'Keeffe,* 650 F. App'x 83, 85 (2d Cir. 2016) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte.") (quoting *Gushlak v. Gushlak*, 486 Fed. App'x 215, 217 (2d Cir. 2012)); *In re Ex Parte Application of Bayerische Motoren Werke AG,* Case No. 7:22-MC-00115-VB, Dkt. No. 10 (S.D.N.Y. April 29, 2022) (granting *ex parte* application to obtain discovery for use in foreign proceeding under 28 U.S.C. § 1782).

deposition testimony related to the purchase of patents by Scramoge and to licenses to patents granted by Atlantic IP and/or Scramoge.

Apple's application satisfies Section 1782's three statutory requirements. First, it is filed in "the district in which [the] person resides," 28 U.S.C. § 1782(a), because Mr. Padian is a resident of Katonah, NY, which is located within this District. Second, Apple seeks the discovery "for use in a proceeding before a foreign tribunal," *id.*, specifically the Regional Court of Düsseldorf in Germany. Third, Apple Inc. and its foreign subsidiaries qualify as "interested persons" in those foreign proceedings because they are named parties to those proceedings. *See, id.*; *see also, e.g., Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) (noting that a litigant to a foreign proceeding is a common example of an "interested person[]").

Moreover, the factors identified by the Supreme Court to guide a trial court's discretion in analyzing applications under Section 1782 all favor granting Apple's request. Mr. Padian is not a named participant in the foreign proceedings, and Section 1782 provides an effective mechanism for obtaining the targeted discovery across various cases. In addition, German courts are receptive to the type of discovery sought by Apple, the discovery provides key information for the foreign proceeding, and the request is not made to circumvent any limitation on discovery imposed by the foreign court. Finally, the discovery request is narrowly tailored and is not unduly intrusive or burdensome. To the extent the requested documents contain confidential business information, Apple will agree to protect the information from disclosure as may be appropriate.

Accordingly, Apple respectfully requests that the Court enter the order submitted with this application and allow Apple to serve the subpoenas attached as Exhibit 2 and Exhibit 3 to the Declaration of Nora Q.E. Passamaneck ("Passamaneck Decl.").

## II. FACTUAL BACKGROUND

As explained above, Atlantic IP is in the business of patent monetization, which it pursues through a series of Irish patent-holding companies, including Scramoge. Mr. Padian, Atlantic IP, and Scramoge are intimately related. For instance, Mr. Padian is the managing director of Atlantic IP and is also one of Scramoge's four directors. Additionally, one of Scramoge's two members is an Irish entity called Croi Patent Holdings Ltd. ("Croi"), which also lists Mr. Padian as a director. The diagram below provides an overview of the relationship between Mr. Padian, Atlantic IP, and Scramoge.[3]

---

[3] *Our Team*, ATLANTIC IP, https://www.atlanticips.com/our-team [https://perma.cc/3A3J-T978]; *Leadership*, MAGNETAR CAPITAL, https://www.magnetar.com/who-we-are/leadership/jim-prusko [https://perma.cc/G5F5-T7AK]; Michael Herh, *European Patent Troll Files Lawsuit against Samsung Electronics*, BUSINESS KOREA (Jan. 25, 2022), https://www.businesskorea.co.kr/news/articleView.html?idxno=86623; Passamaneck Decl. at ¶ 16, Ex. 5 (Scramoge's 2023 Annual Filing); Passamaneck Decl. at ¶ 17, Ex. 6 (Croi's 2022 Annual Filing).



Scramoge has filed lawsuits against Apple in the Western District of Texas (subsequently transferred to the Northern District of California), Germany, and Japan. In the German proceeding, which is pending in the Regional Court of Düsseldorf, Scramoge alleges that Apple infringes two European patents purportedly covering wireless charging technology. (Passamaneck Decl. at ¶ 6.) Scramoge has accused Apple's iPhone 12, iPhone 13, and iPhone 14 families of products of infringing the patents asserted in Germany. (*Id.*) In relief, Scramoge seeks an injunction against

the accused products, which are far easier to obtain in German patent proceedings than in the U.S. In opposition to Scramoge's request for an injunction, Apple intends to assert a "disproportionality" defense to Scramoge's allegations in which Apple will contend that injunctive relieve would be disproportionate to the reasonable value of a license to the patents. (*Id.* at 7.) To establish that reasonable value, Apple expects to rely on the terms of similar patent licenses as well as the purchase price that Scramoge paid for the patents. (*Id.*)

### III.   ARGUMENT

#### A.   Legal Standard

Section 1782 is "the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp.*, 542 U.S. at 247. Over time, Congress has "substantially broadened the scope of assistance federal courts could provide for foreign proceedings." *Id.* at 247-49. Section 1782 provides in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal…The order may be made…upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). The statute thus sets forth three requirements, authorizing the district court to grant an application pursuant to 28 U.S.C. § 1782 where: "(1) ... the person from whom discovery is sought reside[s] (or [is] found) in the district of the district court to which the application is made, (2) ... the discovery [is] for use in a proceeding before a foreign tribunal, and (3)... the application [is] made by a foreign or international tribunal or any interested person." *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 243 (2d Cir. 2018). If the

6

three statutory requirements are met, a district court "is free to grant discovery in its discretion." *IJK Palm LLC v. Anholt Servs. USA, Inc.*, 33 F.4th 669, 676 (2d Cir. 2022) (quotations omitted).

In addition to the statutory requirements, courts also evaluate several non-exclusive factors to aid district courts in determining how to exercise their discretion in granting Section 1782 applications. *Intel Corp.*, 542 U.S. at 264-65. These factors include (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 264-65; *IJK Palm LLC*, 33 F.4th at 676.

### B. Apple's Application Meets the Section 1782 Requirements

Importantly, for purposes of this Application, the Honorable Judge Vincent L. Briccetti recently granted a similar § 1782 application by Bayerische Motoren Werke Aktiengesellschaft ("BMW") seeking discovery from Mr. Padian for use in a German patent proceeding. *See In re Ex Parte Application of Bayerische Motoren Werke AG*, 7:22-MC-00115-VB, Dkt. No. 10 (Order), at 1-2 (S.D.N.Y. April 29, 2022) ("*In re BMW*") (Passamaneck Decl. at ¶ 18, Ex. 7 [Order]).

Like BMW's Application, this Application meets each of the three statutory requirements.

*First*, Mr. Padian "resides or is found" in the Southern District of New York. 28 U.S.C. § 1782(a). Based on a public records search, Mr. Padian's residential address is 116 Croton Lake Road, Katonah, New York 10536. (Passamaneck Decl. at ¶¶ 11, 15, Ex. 4.) In fact, this Court previously found that Mr. Padian "resides or is found" in this District. *In re BMW*, 7:22-MC-00115-VB, Dkt. No. 10 (Order), at 1-2 (finding Mr. Padian to "reside" in SDNY for purposes of the § 1782 analysis).

***Second***, the discovery is sought "for use" in a "proceeding before a foreign tribunal." 28 U.S.C. § 1782(a). The "for use" requirement is satisfied when the applicant "can demonstrate that the sought-after materials can be made use of in the foreign proceeding to increase [its] chances of success," which requires "only a 'de minimis' showing that the information sought would be relevant to the foreign proceeding." *In re Crédito*, 2023 WL 5016497, at *6 (S.D.N.Y. May 24, 2023). Because Apple's disproportionality defense depends upon the terms of comparable license agreements, the Atlantic IP and Scramoge licenses to the patents-in-suit and/or other comparable patents are relevant.

Further, Apple intends to use the documents and testimony it seeks under this Section 1782 Application in the patent infringement action brought by Scramoge in the Regional Court of Düsseldorf in Germany, which is a venue of first instance for hearing patent litigation. As previous cases have recognized—including this Court, in response to the BMW Application—the Regional Court of Düsseldorf qualifies as a "tribunal" for purposes of the Section 1782 analysis. *In re Ex Parte Application of Bayerische Motoren Werke AG*, 7:22-MC-00094-NSR, Dkt. No. 9 (Order), at 1-2 (S.D.N.Y. April 6, 2022) (finding all statutory factors met, including qualification of German Court as a "foreign tribunal"); *see also In re Application of Elvis Presley Enters. LLC for an Order to take Discovery Pursuant to 28 U.S.C. § 1782*, 2016 WL 843380, at *3 (S.D.N.Y. March 1, 2016) ("The information sought is for use before a German court, which indisputably constitutes a foreign tribunal").

***Third***, as named parties in the foreign actions, Apple and its subsidiaries qualify as "interested part[ies]." 28 U.S.C. § 1782(a); *Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among ... the 'interested person[s]' who may invoke § 1782").

Accordingly, Apple has satisfied the statutory requirements for an application under 28 U.S.C. § 1782.

### C. The Supreme Court's *Intel* Factors Strongly Favor Granting Apple's Application

In addition, the factors identified by the Supreme Court in *Intel* and by other courts weigh in favor of the Court exercising its discretion to grant Apple's request for discovery.

#### i. Mr. Padian Is Not A Named Participant In The German Action

Because Mr. Padian is not a named party to the foreign litigations, neither Mr. Padian nor his documents are within the foreign tribunal's jurisdictional reach. *See, e.g., Intel Corp.*, 542 U.S. at 264 (explaining that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid"); *In re Tiberius Grp. AG*, 2020 WL 1140784, at *8 (S.D.N.Y. March 6, 2020) ("Indeed, where an intended respondent is a non-participant, there is a greater need for § 1782 aid because a foreign tribunal has jurisdiction over those appearing before it and can itself order them to produce evidence") (quotations and punctuation omitted).

#### ii. Apple Seeks Highly Relevant Information That Will Assist The Foreign Court

As true in the BMW Application, here the nature and character of the foreign proceeding and the receptivity of the foreign court to U.S. federal-court judicial assistance weigh in favor of this Court granting Apple's request for discovery. *See Intel Corp.*, 542 U.S. at 264. Courts in this District have recognized the receptiveness of German courts to the use of discovery obtained through Section 1782. *In re BMW*, 7:22-MC-00115-VB, Dkt. No. 10 (Order), at 1-2 (granting Section 1782 application seeking discovery from Mr. Padian for use in a similar proceeding in Germany); *see also Plaff v. Deutsche Bank AG*, 2020 WL 3994824, at *11 (S.D.N.Y. July 15, 2020) (noting that German courts are "receptive to further evidence Petitioner obtains through this

§ 1782 proceeding"); *In re Hansainvest Hanseatische Investment-GmbH*, 364 F.Supp.3d 243, 251 (S.D.N.Y. 2018) (noting when considering the second *Intel* factor that "it is undisputed that courts routine grant Section 1782 applications for proceedings in Germany").

### iii. No Foreign Discovery Restrictions Bar Apple's Requested Discovery

While Section 1782 does not require that the documents sought be discoverable in the foreign court, a trial court may consider whether an applicant is seeking in bad faith "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 265. As this Court found in response to BMW's Application, this factor weighs in favor of granting a § 1782 application unless there is a showing that the discovery sought "cannot be obtained [in the foreign proceeding] because the foreign jurisdiction prohibits the discovery." *In re Telegraph Media Grp. Ltd.*, 2023 WL 5770115, at *8 (S.D.N.Y. Sept. 6, 2023); *In re BMW*, 7:22-MC-00115-VB, Dkt. No. 10 (Order), at 1-2.

Apple is unaware of any restrictions on proof-gathering procedures that would prohibit obtaining the discovery it seeks through Section 1782.[4] To the contrary, as noted above, courts in this District have routinely granted applications under Section 1782 for evidence to be used in German courts. *See, e.g.*, *In re Application of Elvis Presley Enters. LLC*, 2016 WL 843380, at *3; *In re BMW*, 7:22-MC-00094-NSR, Dkt. No. 9 (Order), at 1-2.

### iv. Apple's Discovery Is Narrowly Tailored To Avoid Undue Burden

Apple's proposed discovery requests are narrowly tailored and minimally burdensome. *See Intel Corp.*, 542 U.S. at 265 ("[U]nduly intrusive or burdensome requests may be rejected or

---

[4] Although German courts do not have a procedure for taking discovery by category as Apple is requesting here, the lack of a mechanism for taking discovery in the foreign jurisdiction is not evidence that the jurisdiction "restricts parties from obtaining evidence through other lawful means" for purposes of assessing the third *Intel* factor. *In re Telegraph Media Grp. Ltd.*, 2023 WL 5770115, at *8.

trimmed"). Apple is requesting document discovery on a discrete set of documents: intellectual property licenses granted by Atlantic IP and/or Scramoge covering the patents asserted in the German action and/or comparable patents. The universe of responsive documents is thus likely to be small and easily searchable, avoiding any undue burden on Mr. Padian. Moreover, a deposition is necessary because Mr. Padian's understanding and interpretation of any of the aforementioned licenses may not be apparent from the face of the documents. Indeed, this Court found discovery requests concerning a larger number of topics to be reasonable and not unduly burdensome when denying Mr. Padian's Motion to Quash the subpoena served in the BMW Application. *See In re Ex Parte Application of: Bayerische Motoren Werke AG*, 22-mc-00115-VB, 2022 WL 2817215, at *5-6 (S.D.N.Y. July 19, 2023) (finding requests seeking "testimony and documents about the Patent at Issue in the German Action and Padian's arrangements with…the plaintiff in the action" to be directed to "relevant, nonprivileged information" and to not be unduly burdensome) (Passamaneck Decl. at ¶ 19, Ex. 8.)

### v. Granting Apple's Section 1782 Request Would Promote Efficient Discovery

In addition to the *Intel* factors, courts have also considered other evidence suggesting that the discovery sought accomplishes the goals of Section 1782, such as whether the requested discovery "provid[es] efficient means of assistance to participants in international litigation in our federal courts." *Marubeni Am. Corp. v. LBA Y.K.*, 335 F. App'x. 95, 96 (2d Cir. 2009) (citation omitted).

Given the complex nature of the litigations between Atlantic IP, through Scramoge, and Apple, Section 1782 provides an effective means for obtaining the discovery sought by Apple. Further, the requested discovery—while not prohibited (as noted above)—might nonetheless prove to be unavailable in German cases, further justifying Apple's request. Moreover, the

discovery sought through this Section 1782 Application is more limited in scope than the discovery sought from Mr. Padian by BMW, which this Court recently granted. *In re BMW*, 7:22-MC-00115-VB, Dkt. No. 10 (Order), at 1-2 (granting Section 1782 application seeking information regarding discussions surrounding the Asserted Patents, all licenses to the Asserted Patents, documents sufficient to show Mr. Padian's role as a director of Atlantic IP, and evaluations of the value of the patents-in-suit for use in similar proceeding in Germany).

### vi. The Court Should Exercise Its Discretion and Grant Apple's Request

The *Intel* factors, and other factors considered by the courts, all strongly favor the Court exercising its discretion to grant Apple's application. Courts in this District routinely permit discovery under Section 1782 where, as here, the applicant has satisfied the three statutory requirements and the *Intel* factors all support granting the requested relief—including for BMW's recent and similar request seeking discovery from Mr. Padian for use in a German patent litigation. *See, e.g., In re Crédito*, 2023 WL 5016497, at *10; *In re BMW*, 7:22-MC-00115-VB, Dkt. No. 10 (Order), at 1-2; *In re Tiberius Grp. AG*, 2020 WL 1140784, at *9.

## IV. CONCLUSION

Apple seeks narrowly tailored discovery for use in proceedings currently pending in Germany. Because Apple's request satisfies the three statutory requirements of 28 U.S.C. § 1782 and because the four discretionary factors all weigh in favor of granting the application, Apple respectfully requests that this Court issue the proposed order attached as Exhibit 1 to the Passamaneck Decl., and authorize the issuance of subpoenas in substantially the same form as Exhibit 2 and Exhibit 3 to the Passamaneck Decl.

DATED: November 13, 2023

WILMER CUTLER PICKERING
  HALE AND DORR LLP

By:   /s/ *Nora Q.E. Passamaneck*
      NORA Q.E. PASSAMANECK
      (Registration No. 4262028)
      1225 Seventeenth St., Suite 2600
      Denver, CO. 80202
      Tel: (720) 274-3135
      Fax: (720) 274-3135
      Nora.Passamaneck@wilmerhale.com

*Attorney for Applicants*
Apple Inc., Apple Distribution International, and Apple Retail German B.V. & Co. Kg